Cite as 2022 Ark. App. 334

# ARKANSAS COURT OF APPEALS

No. CR-22-505

|  |  |  |
|---|---|---|
|  |  | **Opinion Delivered** September 14, 2022 |
| LARRY WILSON CRAIN | | |
| | APPELLANT | MOTION TO PRESERVE ANONYMITY OF A JUVENILE PURSUANT TO ARK. SUP. CT. R. 6-3(a) |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | MOTION GRANTED IN PART; DENIED IN PART AND REMANDED WITH INSTUCTIONS |

## PER CURIAM

Before the court are ten motions the State has filed in as many separate dockets. Each docket involves the appeal of a criminal conviction in a sex-crimes case. The motions are titled, "Motion to Preserve Anonymity of a Juvenile Pursuant to Ark. Sup. Ct. R. 6-3(a)." In each motion, the State essentially seeks this relief: "The State respectfully requests that its motion to preserve the anonymity of the juvenile victim be granted and that the Court seal the record and order the use of initials in all subsequent opinions, motions, and briefs, as well as in oral argument, if any." These motions appear to be of a recent origin. Given the proliferation of the State's motions on the "juvenile anonymity" issue, the court publishes

this per curiam, which also decides, by reference, nine additional pending motions, all of which are listed in the margin.[1]

Having reviewed the State's motion, the court remands the case to the circuit court so that the interested parties may comply with Arkansas Supreme Court Administrative Order No. 19 where necessary. We also strongly suggest that bench and bar more generally refresh on the administrative order that addresses confidentiality and how to prepare and present records and briefing material that comply with it. This court's decision-making on "confidentiality" matters should not, absent the extraordinary, be made on a motion-by-motion basis—while using the blunt tool of sealing an entire record—a move that does not tend to meet our supreme court's stated policy. *See, e.g.*, Comment to Section I., Ark. Sup. Ct. Admin. Order No. 19 ("This order starts from the presumption of open public access to court records. . . .This order recognizes that there are times when access to information may lead to, or increase the risk of, harm to individuals. However, given the societal interests in

---

[1]For the reasons stated in this opinion, nine related motions are denied to the extent they ask us to seal the entire record rather than order a limited remand. Consequently, the following cases are remanded to the respective circuit courts so that the records may be made to comply with Administrative Order No. 19 where needed: *Shaw v. State* (CR-22-99); *Kelley-Lucas v. State* (CR-22-126); *Standridge v. State* (CR-22-278); *Murphy v. State* (CR-22-327); *Castillo v. State* (CR-22-341); *Greeno v. State* (CR-22-392); *Anderson v. State* (CR-22-402); *Compton v. State* (CR-22-458); and *Conway v. State* (CR-22-489). In each of the cases listed, the circuit courts and parties have 45 days in which to comply with Admin. Order No. 19 and file a compliant record with this court's clerk. A revised briefing schedule will then issue, and all briefs must comply with Order No. 19. All briefing responsibilities are stayed while these cases are on limited remand.

access to court records, this order also reflects the view that any restriction to access must be implemented in a manner tailored to serve the interests in open access.").

We list below some salient points from the order to help make the point that confidentiality is not an afterthought on appeal; it is in fact required (when necessary) from the beginning.

● "This order governs access to, and confidentiality of, court records. Except as otherwise provided by this order, access to court records shall be governed by the Arkansas Freedom of Information Act (Ark. Code Ann. §§ 25-19-101, et seq.)." Admin. Order No. 19, Sec. I., A.

● "The purposes of this order are to:
　　(1) promote accessibility to court records;
　　(2) support the role of the judiciary;
　　(3) promote governmental accountability;
　　(4) contribute to public safety;
　　(5) reduce the risk of injury to individuals;
　　(6) protect individual privacy rights and interests;
　　(7) protect proprietary business information;
　　(8) minimize reluctance to use the court system;
　　(9) encourage the most effective use of court and clerk-of-court staff;
　　(10) provide excellent customer service; and
　　(11) avoid unduly burdening the ongoing business of the judiciary.

*Id.* at I.B.

● "Disputes arising under this order shall be determined in accordance with this order and, to the extent not inconsistent with this order, by all other rules and orders adopted by this Court." *Id.* at I.D.

● "This order applies to all court records; however clerks and courts may, but are not required to, redact or restrict information that was otherwise public in case records and administrative records created before January 1, 2009. However, confidential information shall be redacted from pre-January 2009 case records and administrative records before remote access is available to such records." *Id.* at I.E.

3

● "If a court record, or part thereof, is rendered confidential by protective order, by this order, or otherwise by law, the confidential content shall be redacted, but there shall be a publicly accessible indication of the fact of redaction. This subsection (C) does not apply to court records that are rendered confidential by expungement or other legal authority that expressly prohibits disclosure of the existence of a record." *Id.* at IV.C.

● "The following information in case records is excluded from public access and is confidential absent a court order to the contrary; *however, if the information is disclosed in open court and is part of a verbatim transcript of court proceedings or included in trial transcript source materials, the information is not excluded from public access*:

> (1) information that is excluded from public access pursuant to federal law;
> (2) information that is excluded from public access pursuant to the Arkansas Code Annotated;
> (3) information that is excluded from public access by order or rule of court;
> (4) Social Security numbers;
> (5) account numbers of specific assets, liabilities, accounts, credit cards, and personal identification numbers (PINs);
> (6) information about cases expunged or sealed pursuant to Ark. Code Ann. §§ 16-90-901, et seq. (repealed 2013), and Ark. Code Ann. §§ 16-90-1401 et seq.;
> (7) notes, communications, and deliberative materials regarding decisions of judges, jurors, court staff, and judicial agencies;
> (8) all home and business addresses of petitioners who request anonymity when seeking a domestic order of protection.

*Id.* at VII.A (emphasis added).

*   *   *

The State's motion is granted in part and denied in part. The motion is granted insofar as it seeks to compel Mr. Crain to protect the juvenile's full name by using initials, or some other common-sense method, when referring to the juvenile in his brief(s) on appeal. But this court denies the State's request to seal all of Volume I of the record and thereby relieve the parties of complying with an administrative order that expressly addresses the

4

concern the State's motions presents. As to Volume II of the court record, the State says that it appears that "volume II of the trial transcript has been sealed" by the circuit court.

On the limited remand, Volumes I and II of the court record should be redacted in a manner on which the parties agree. If there can be no party agreement, then the circuit court will order compliance in a way it deems best and in accord with Order No. 19. Assuming a compliant record is returned to this court, and that Mr. Crain pursues his appeal further, then all parties must file appellate briefs that also comply with Order No. 19. This has been the required practice for years. In the meantime, we will treat as confidential the current appellant's brief on file and Volumes I and II of the record—to protect the juvenile's identity, as the State requests, while the parties redact the record in a manner that complies with Order No. 19 and then file related briefs that also comply with the administrative order. If the circuit court and parties decide, on second thought, that no redaction is required under Order No. 19, or if the State abandons its request (perhaps under a theory of waiver, see Admin Order No. 19 VII.A), then the State shall so inform this court in a timely manner.

To be clear, two separate records are required when Order No. 19 applies. Both a redacted and unredacted record must be filed with our clerk's office. The unredacted record will be sealed or otherwise kept confidential. The redacted record will be available for the public's use. In this case, absent an agreement by the parties to waive any available protections, both an unredacted and redacted record must be filed with this court's clerk

within 45 days from this opinion's date. Then a revised briefing schedule will issue. All briefing responsibilities are stayed while the case is on limited remand.